# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DOMINIC CASTLEBERRY,

    Plaintiff,

v.

NEUMANN & CANJAR,
NEUMANN LAW P.C.,
MARTIN H. NEUMANN,

    Defendants.
    _____/

CASE NO. 07-CV-10293

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE
(Dkt. 26)

### I.    RECOMMENDATION

It is **RECOMMENDED** that the District Court order the **TRANSFER** of this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a), because venue lies in that district. 28 U.S.C. § 1391(b).

### II.    REPORT

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for general case management on April 16, 2007. Defendants filed the above-captioned motion seeking dismissal or transfer of the case to the Western District of Michigan for proper venue on May 14, 2007. Plaintiff responded in opposition on June 8, 2007, and Defendants filed a reply on June 22, 2007. Therefore, I suggest that this case is ready for Report and Recommendation.

In his *pro se* complaint, Plaintiff Castleberry alleges that his rights under the Fair Debt Collections Practices Act ("FDCPA"), the Federal Credit Reporting Act, the Michigan Collections Practices Act, the Michigan Consumer Protections Act, and the Texas Deceptive Trade Practices Act were violated in the course of Defendants' filing suit and obtaining a default judgment against Plaintiff him in Berrien County, Michigan, for an overdue promissory note. Defendants Martin H. Neumann, Neumann & Canjar, and Neumann Law, P.C., now move for dismissal or transfer of this action on the ground that venue is not proper in the Eastern District of Michigan.[1] (Dkt. 26.)

Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant Martin Neumann asserts that he resides in the Western District of Michigan, that is office is located in that district, and that all actions on which this lawsuit is based arose, if at all, in that district. The motion further avers that Defendant Neumann & Canjar was an assumed named previously used by Defendant Neumann Law, P.C., and that Neumann Law, P.C., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in the city of Holt, Michigan. (*Id.* ¶ 7.) Holt, Michigan, is located in Ingham County, which is within the geographical boundaries of the United States District Court for the Western District of Michigan. 28 U.S.C. § 102(b). Berrien County is likewise located within the bounds of the Western District. *Id.*

Defendants also point out that, at the time of the events giving rise to the complaint, Plaintiff was a resident of the State of Indiana. Plaintiff acknowledges this. (*See* Dkt. 28, Pl.'s Br.

---

[1] On April 4, 2007, Plaintiff voluntarily dismissed Defendants H&S Financial, Inc., Greg Hill, and CNA Surety Corporation.

2

in Supp. at 3, stating that "at the time of the accrual of the alleged claim, the claimed sum was a debt originating in the State of Tennessee, sold to a creditor in the State of Texas and brought in Michigan against an Indiana resident.") Plaintiff subsequently moved from Indiana to Saginaw, Michigan, and Plaintiff therefore filed this suit in the Northern Division of the Eastern District of Michigan, located in Bay City, Michigan, because Bay City is only twenty miles from his home in Saginaw. Plaintiff asserts that this Court is most convenient for him. In addition, he contends that the FDCPA allows him to file suit in any United States district court in the entire country because the statute provides that "[a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692(k)(d).

Defendants counter that the word *appropriate* in the statute clearly indicates that the venue statutes are still applicable. Further evidence to support application of the venue rules exists in the form of numerous cases ruling that venue in a suit brought under the FDCPA is proper in a district where a consumer receives either letters or phone calls which allegedly violate the FDCPA. (Dkt. 30 at 4.) I suggest that Defendants are correct that venue is not proper in the Eastern District of Michigan because none of the events giving rise to the suit occurred in this district and no defendants have ever resided here.

The United States Code provides for case transfer to a district or division in which venue lies when such transfer is in the interest in justice. 28 U.S.C. § 1406(a). In this case, where the Defendants are located within the boundaries of the Western District of Michigan and the actions which form the basis of this lawsuit also occurred there, I suggest that the case be transferred to the Western District where venue is proper.

3

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: August 8, 2007                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Patrick Filbin, Jeffrey Turner and Martin Neumann, served on Dominic Castleberry by first class mail, and served on District Judge Ludington in the traditional manner.

Date: August 8, 2007                         By     s/Jean L. Broucek
                                                           Case Manager to Magistrate Judge Binder